**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

HECTOR BONILLA-ROSADO,

      Petitioner,

v.                                          **Civil Action No. 5:11cv146
                                          Judge Stamp**

KUMA DEBOO,

      Respondent.

<u>**REPORT AND RECOMMENDATION**</u>

<u>**I. Procedural History**</u>

On October 20, 2011, the petitioner, Hector Bonilla-Rosado, a federal prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2241, challenging the computation of his federal sentence. Specifically, petitioner challenges the failure of the Bureau of Prison ("BOP") to include prior custody credit for time spent in state custody when computing his federal sentence.

Along with his petition, petitioner filed a motion to proceed *in forma pauperis* ("IFP"). On November 7, petitioner paid the filing fee. Accordingly, by Order entered November 9, 2011, petitioner's IFP motion was denied as moot. Also on November 9, the undersigned made a preliminary review of the file, determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to respond to the petition. After its November 23, 2011 request for an extension of time was granted by Order entered on November 25, 2011, on December 19, 2011, the respondent filed a Motion to Dismiss or for Summary Judgment and Response to Show Cause, with a Memorandum in support.

Because petitioner was proceeding *pro se,* on December 22, 2011, a <u>Roseboro</u>[1] Notice was issued. On January 6, 2012, the petitioner filed a response to the Motion to Dismiss, titled "Motion

---

[1] <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

to Strike Respondent's Motion to Dismiss and/or Reply to Respondent's Response to Show Cause Order."

This matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

## II. Facts

On April 1, 2005, petitioner was arrested in Ponce, Puerto Rico on state drug and weapon charges. On November 10, 2005, in Superior Court in Ponce, Puerto Rico, he was sentenced to 4 years of imprisonment for the drug charges and a 60-day term of imprisonment for the weapons violation. (Dkt.# 15-1 at 1).

Less than one month later, on December 1, 2005, a federal indictment was filed against petitioner in U.S. District Court of Puerto Rico and a writ of *habeas corpus ad prosequendum* was issued. That same day, the U.S. Marshals Service borrowed him on the writ to answer for the federal charges. (Id.). On March 15, 2007, petitioner was sentenced to 121 months term of imprisonment on his federal charges, to be served concurrently with his state sentence.[2] (Dkt.# 15-1 at 2). After the federal sentencing, petitioner was returned to state custody on October 23, 2007. (Id.). Puerto Rico state officials returned petitioner to the custody of the U.S. Marshals Service for service of his federal sentence on July 11, 2008. (Id.). Petitioner's federal sentenced commenced on March 15, 2007, the day it was imposed, and began running concurrently with the state sentence he was then serving. (Id.). Petitioner received credit toward his state sentence for all the time he spent in custody for the time period from December 5, 2005 until March 15, 2007. (Id.).

The petitioner is presently incarcerated at FCI Gilmer in Glenville, West Virginia. He has a projected release date, on which he will have completed serving his federal sentence with consideration for good conduct time, of December 23, 2015. (Id.).

---

[2] The judgment was later amended to correct the term of imprisonment from 121 months sentence to 120 months. (Dkt.# 15-1 at 2).

### III. Issues Presented

#### A. The Petition

Petitioner challenges the accuracy of the BOP's computation of his federal sentence because it failed to include credit for 15 months and 14 days of time served while in state custody, from December 1, 2005, the date he was indicted on federal charges, until March 15, 2007, when he was sentenced in U.S. District Court, and his federal sentence was ordered to run concurrently with the state sentence.

As relief, he requests that this Court grant his petition, direct that the respondent immediately recalculate his sentence and release date, crediting him with his present federal sentence with 15 months and 14 days pre-sentence incarceration time, and provide him with an updated Sentencing Monitoring Computation Data Sheet, reflecting the crediting of the time, along with any other relief to which he might be entitled.

#### B. Motion to Dismiss or for Summary Judgment

In support of his Motion to Dismiss, the respondent argues that the petition should be dismissed because petitioner is not entitled to any prior custody credit because to do so would give him double credit for his detention time.

#### C. Petitioner's Response to Motion to Dismiss

Petitioner generally reiterates his claims and attempts to refute the respondent's arguments on the same.

As relief, he reiterates his request for crediting of the time served, urges the Court to strike the respondent's motion to dismiss, issue an order directing the respondent to designate the state facility, *nunc pro tunc* as an official facility of detention pursuant to 18 U.S.C. §3585, and to designate December 1, 2005 as the commencement date of his federal sentence, and to order the BOP to recomputed his federal sentence accordingly. Further, he requests that this Court contact his sentencing court to determine its express intent regarding concurrent sentencing, and that he be

permitted leave to supplement this record "at any time with additional information . . . documentary or testimonial," and any other relief to which he might be entitled.

## IV. Standard of Review

### A.  Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id.  Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft

Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring

the non-moving party will not prevent the entry of summary judgment. <u>Id.</u> at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, at 587 (citation omitted).

## V. <u>Analysis</u>

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently[1] with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. <u>See</u> <u>United States v. Evans</u>, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." <u>Id</u>. at 912. <u>See</u> <u>also</u> <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *prosequendum*; he is merely 'on loan' to federal authorities.").

---

[1]Here, the petitioner's sentence was ordered to run concurrently.

In the instant case, the federal court sentenced the petitioner on March 15, 2007, and ordered his federal sentence to run concurrently with the state sentence he was already serving. The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, *supra* at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, the petitioner's state sentence ran continuously from its start on November 10, 2005 until its expiration on July 11, 2008. (Dkt.# 15-1 at 1-2). Therefore, the petitioner received credit against his state sentence for the time he spent in the temporary custody of the U.S. Marshal Service off and on during that period. Because the petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss or for Summary Judgment (Dkt.# 14) be **GRANTED** and the petitioner's § 2241 petition be **DISMISSED with prejudice**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the United States District Court. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 7, 2012

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE