```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

HECTOR BONILLA-ROSADO,

       Petitioner,

v.                                      Civil Action No. 5:11CV146
                                                          (STAMP)

KUMA DEBOO,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On October 20, 2011, the pro se[1] petitioner, Hector Bonilla-Rosado, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his federal sentence. Specifically, the petitioner alleges that the Federal Bureau of Prisons ("BOP") failed to include prior custody credit for time spent in state custody when computing his federal sentence. On December 19, 2011, the respondent filed a motion to dismiss or for summary judgment and response to order to show cause, in which she argues that the § 2241 petition should be dismissed because the petitioner is not entitled to any prior custody credit. On January 6, 2012, the petitioner filed a motion to strike the respondent's motion to dismiss and/or reply to respondent's response to show cause order. The petitioner argues that the respondent's motion to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

dismiss is non-responsive and misapplies the law.  The petitioner also reiterates his argument that he is entitled to credit for time served in custody prior to the commencement of his federal sentence.

United States Magistrate Judge James E. Seibert issued a report and recommendation on February 7, 2012, recommending that the respondent's motion to dismiss or for summary judgment be granted and the petitioner's § 2241 petition be dismissed with prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the report. Neither the petitioner nor the respondent filed objections.  For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp.

825 (E.D. Cal. 1979). Because no objections were filed in this case, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

As the magistrate judge explains in his report and recommendation, in general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In some cases, however, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. When a federal court orders a defendant's sentence to run concurrently with a previously imposed state sentence, as in this case, a nunc pro tunc designation can be made, whereby the BOP designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998) ("When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence."); 18 U.S.C. § 3621(b) (vesting designation authority in the BOP).

However, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus ad prosequendum does not mean that the prisoner's federal sentence has begun to

run.  "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."  Evans, 159 F.3d at 912 (citing Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)).

In this case, the federal court sentenced the petitioner on March 15, 2007 and ordered his federal sentence to run concurrently with the state sentence he was already serving.  Title 18, United States Code, Section 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," but prior custody cannot be awarded if the prisoner has received credit towards another sentence.  18 U.S.C. § 3585(b); United States v. Brown, 977 F.2d 574, No. 91-5877, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (a prisoner may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence).

Here, the petitioner's state sentence ran continuously from its start on November 10, 2005 until its expiration on July 11, 2008.  Therefore, this Court agrees that the petitioner has already received credit against his state sentence for the time he spent in the temporary custody of the United States Marshals Service during that period.  Because the petitioner cannot receive double credit for that time served, he is not entitled to any credit for this

4

time against his federal sentence.  For these reasons, the report and recommendation must be affirmed.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety.  Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DISMISSED WITH PREJUDICE and the respondent's motion to dismiss or for summary judgment (ECF No. 14) is GRANTED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

5

```
DATED:        March 5, 2012


                                      /s/ Frederick P. Stamp, Jr.
                                      FREDERICK P. STAMP, JR.
                                      UNITED STATES DISTRICT JUDGE
```